IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT M. ANDERSON, JR.,

                Petitioner,

v.

WARDEN CRUMWELL,

                Respondent.

OPINION and ORDER

23-cv-327-wmc[1]

---

Petitioner Robert M. Anderson, Jr. is in custody at New Lisbon Correctional Institution. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2018 convictions for second-degree reckless homicide with a dangerous weapon and possession of a firearm by a felon. Dkt. 1. He has also filed a motion to stay and hold his petition in abeyance while he pursues a motion for collateral relief in the state courts. Dkt. 2. Respondent opposes the motion. Dkt. 6. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Anderson seeks habeas relief on the grounds that the circuit court violated his due process rights by: (1) refusing to consider his newly discovered evidence and (2) improperly considering his race in imposing sentence. He asserts that he raised these two issues on direct appeal, and that the Wisconsin Supreme Court denied his petition for review on August 3, 2022. Dkt. 1 at 2. Assuming that Anderson was diligently pursuing postconviction relief in the state courts until then, the one-year statute of limitations on a federal habeas petition began running on November 2, 2022, and will expire on November 1, 2023. *See Anderson v. Litscher,*

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

281 F.3d 672, 674–75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90–day period in which prisoner could have filed a petition for writ of certiorari with United State Supreme Court).

In his motion to stay, Anderson says he wants to pursue "collateral attacks" in state court. Dkt. 2. But he does not establish that such relief is necessary at this stage for two reasons. First, Anderson appears to have about 5 months left on his federal habeas clock, and his remaining time will be tolled or paused while a "properly filed" application for state post-conviction or collateral review is pending in state court. 28 U.S.C. § 2244(d)(1)(2). He does not explain why he has not filed his motion for collateral review before now, or why filing his motion now will not leave him enough time at the conclusion of state-court review to refile for federal habeas relief if necessary.

Second, I can grant a stay only if Anderson's "unexhausted claims are potentially meritorious." *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (explaining when a stay is warranted). Anderson asserts in the petition that he has already raised in state court the two grounds he wishes to pursue here and does not identify what his unexhausted grounds for collateral review are. So, he has not made the required showing under *Rhines* and I cannot grant a stay without that information.

I will deny Anderson's motion to stay his petition and give him a short time to inform the court how he would like to proceed. If Anderson wants to pursue his motion for collateral relief first in state court and then refile his federal habeas petition with all his exhausted claims if he fails to obtain relief in the state courts, then I will dismiss his petition in this court without prejudice. If he chooses this option, Anderson should file his motion for collateral relief in state court as soon as possible and keep in mind how much time remains on his federal habeas clock

2

to ensure that his federal habeas petition is timely. Anderson should also ensure that the claims he ultimately presents in his federal petition have been raised at each level of the Wisconsin court system. If Anderson would rather pursue the two claims he has raised in his petition now, and likely forfeit federal review of his unexhausted claims, I will screen his petition and determine whether Anderson may proceed on those claims.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to stay and hold his petition in abeyance, Dkt. 2, is DENIED.

2. Petitioner may have until June 12, 2023, to decide whether to have this case dismissed without prejudice so that he can pursue collateral relief in the state courts, or whether he would like to proceed with a habeas petition on the two grounds he has raised.

Entered June 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge