IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT M. ANDERSON, JR.,

                    Petitioner,                    OPINION AND ORDER

     v.

                                                           23-cv-327-wmc

WARDEN DAN CRUMWELL,

                    Respondent.

---

Petitioner Robert M. Anderson, Jr., who is representing himself while incarcerated at New Lisbon Correctional Institution, petitions for issuance of a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his sentence in Milwaukee County Case No. 2017CF4892 for second-degree reckless homicide with a dangerous weapon and possession of a firearm by a felon.[1]  Specifically, Anderson argues that he is entitled to relief because the state circuit court improperly commented on his race during the sentencing hearing in violation of his right to due process.  Respondent asks the court to deny the petition, arguing that Anderson is not entitled to relief under the narrowing window still subject to federal habeas corpus review of a state conviction and sentence.  For reasons explained below, Anderson has failed to show he is entitled to relief within this window, and the court must deny the petition and dismiss this action.

---

[1] This court has jurisdiction over the petition because Anderson was incarcerated within the Western District of Wisconsin when it was filed.  *See* 28 U.S.C. 2241(d).

FACTS[2]

## A. Background

In July 2017, six-year-old Justin Evans was shot and killed on the front porch steps of a residence on North 23rd Street in Milwaukee, Wisconsin. Around the time of the shooting, a witness saw petitioner Robert M. Anderson standing in the street, yelling at someone in the intersection. The witness then heard gunshots and saw Anderson running toward the intersection with a firearm in his hand and firing as he ran. Anderson then left the scene in a vehicle with two other men. The direction of Anderson's gunshots was consistent with the direction from which Justin was shot.

Anderson was arrested and charged in Milwaukee County with first-degree reckless homicide as a party to a crime, including sentencing enhancements for using a dangerous weapon and for being a habitual criminal offender. He was also charged with possession of a firearm by a felon, again with a habitual criminal enhancer. In April 2018, Anderson entered a guilty plea to reduced charges of second-degree reckless homicide with the use of a dangerous weapon and possession of a firearm as a felon, but without an enhancement for habitual criminality on either count. Before his sentencing hearing, however, Anderson filed a motion to withdraw his plea, which the circuit court denied.

---

[2] Unless otherwise noted, the following facts are taken primarily from the Wisconsin Court of Appeals' opinion rejecting petitioner's claim on the merits, *State v. Anderson*, 2022 WI App 1, 968 N.W.2d 876, 2021 WL 5071618 (Nov. 2, 2021) (per curiam, unpublished), as well as the state court record attached to respondent's answer. (Dkt. #10.) Because petitioner is representing himself, the court construes all of his pleadings generously, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

### B. Sentencing Hearing

At sentencing in October 2018, the Milwaukee County District Attorney's Office asked for "substantial prison [time]" in light of Anderson's lengthy criminal record, while defense counsel argued that the court should give "great weight" to Anderson's acceptance of responsibility by pleading guilty.  Obviously deeply dismayed by the tragic circumstances of the case, particularly after hearing emotional testimony from the victim's family members and noting that Anderson brazenly shot and killed an innocent little boy in broad daylight, Circuit Court Judge Borowski observed:

> First of all, this was an act of human depravity.  We are so far gone in this community that it takes the shooting and killing of a six-year-old for anyone to pay attention.  Human depravity.
>
> We have elected officials in this community that don't care, and we have communities that don't care.
>
> The average homicide in this city is so frequent that no one cares, and *the average homicide is one black male shooting another black male*.  In this case, the human depravity that I saw exhibited killed a six-year-old on a weekend who [was] ready to go fishing.

(Dkt. #10-1, at 33 (emphasis added).)

The circuit court also noted that Anderson had a lengthy criminal record of "almost two decades of criminal behavior" and was "in prison, out of prison, back to jail, [and] revo[ked] multiple times[.]"  *Id*. at 34-35.  Given his record as a career offender and the fact that he pleaded guilty to "significantly" reduced charges, the circuit court further expressed concern that he was "virtually certain to reoffend."  *Id*. at 35, 39.  While giving Anderson credit for pleading guilty, the circuit court additionally noted that he then tried to withdraw his plea after several of the State's witnesses were intimidated and "in the

wind." *Id*. at 36.  Ultimately, observing that this was "one of the most aggravated, heinous, senseless homicides" he had presided over, Judge Borowski imposed the maximum sentences for both counts of conviction, running consecutively for a total of twenty-five years of initial confinement to be followed by fifteen years of extended supervision.  (*Id*. at 39, 41.)

### C. State Post-Conviction Motion and Appeal

Anderson filed a post-conviction motion in circuit court, arguing that Judge Borowski improperly considered his race during sentencing in commenting that "the average homicide" in Milwaukee was "one black male shooting another black male."  (Dkt. #10-2, at 46.)  In response, Judge Borowski "categorically reject[ed]" that assertion and denied the post-conviction motion, explaining that this remark was made "within the broader scope of its discussion about the unabated level of homicide violence in the community."  *State v. Anderson*, 2022 WI App 1, ¶ 18, 968 N.W.2d 876, 2021 WL 5071618 (per curiam, unpublished).  The judge also pointed to the record as a whole, noting that Anderson was sentenced "as a contributor to that violence based upon the individual factors it considered . . . and *not* because of his racial community."  Further, the judge emphasized that he "did not *rely* on race as a factor in determining the appropriate sentence in this case."  *Id*. (emphasis in original).

The Wisconsin Court of Appeals affirmed, specifically rejecting Anderson's post-conviction motion because Anderson failed to show that his race was improperly considered or relied upon as a factor during sentencing:

[T]he law is clear that race is an improper factor to consider at sentencing and, as such, imposing a sentence based on race is therefore an erroneous exercise of discretion. *See* [*State v. Harris*, 2010 WI 79, ¶ 33, 326 Wis. 2d 685, 786 N.W.2d 409]. A defendant must prove by clear and convincing evidence that the trial court actually relied on this improper factor at sentencing. *Id.*, ¶ 34.

Anderson has not met this burden. The comment in which the trial court referred to race was part of its discussion regarding violent crime in the City of Milwaukee: "[t]he average homicide in this city is so frequent that no one cares, and the average homicide is one black male shooting another black male." When reviewed in its full context, the court's comments reflected its "dismay" at the high level of homicides in the city -- which has "disproportionately victimized" the Black community -- and the need for society as a whole to respond to the issue.

Furthermore, the trial court explained the factors it was relying on to achieve its sentencing objectives. This included Anderson's extensive criminal history, for which the court characterized him as "a menace to society" from which the community needed protection, noting that the charges in this case "signaled an alarming escalation in criminality" on Anderson's part. The court also emphasized that punishment for "one [of] the most aggravated, heinous, senseless homicides" that the court had ever presided over was one of its main sentencing goals. *See* [*State v. Gallion*, 2004 WI 42, ¶ 40, 270 Wis. 2d 535, 678 N.W.2d 197].

Therefore, we conclude that the trial court did not erroneously exercise its discretion during sentencing, nor did it rely on improper factors. *See id.*, ¶¶ 17, 40; [*State v. Odom*, 2006 WI App 145, ¶ 7, 294 Wis. 2d 844, 720 N.W.2d 695].

*Anderson*, 2022 WI App 1, ¶¶ 45-48. The Wisconsin Supreme Court then summarily denied Anderson's petition for review. *State v. Anderson*, 2022 WI 102, 996 N.W.2d 920, 2022 WL 17582448 (Aug. 3, 2022).

## OPINION

Anderson now seeks federal habeas corpus relief, claiming as he did in state court that his sentence was improperly based on his race in violation of his right to due process.

Where a state prisoner challenges a judgment of conviction after exhausting state court remedies as required by 28 U.S.C. § 2254(b), a federal habeas corpus court must focus on the decision of the last state court to rule on the merits of the petitioner's claims, *Jewell v. Boughton*, 90 F.4th 1199, 1202 (7th Cir. 2024), which in this case was the Wisconsin Court of Appeals' decision upholding the circuit court's denial of post-conviction relief.   In reviewing that decision, a federal court is required by the Antiterrorism and Effective Death Penalty Act ("AEDPA") to give substantial deference to the state court's adjudication. *Pitchford v. Cain*, 146 S. Ct. 1345, 1353 (2026) (citations omitted); *Scott v. Hepp*, 62 F.4th 343, 346 (7th Cir. 2023).   In particular, when a claim has been adjudicated in state court on the merits, AEDPA bars federal habeas relief *unless* the state court's ruling (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent, or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Williams v. Taylor*, 529 U.S. 362, 406 (2000); *Ben-Yisrayl v. Buss*, 540 F.3d 542, 546 (7th Cir. 2009).[3]   This is a particularly high bar because the state court's application of federal law "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (internal quotation marks and citation omitted).   Rather, a state

---

[3] Petitioner argues that the court should apply the general habeas standard in 28 U.S.C. § 2243, stating that courts may "dispose of [habeas petitions] as law and justice require."  However, § 2243 only applies when a habeas petitioner's arguments were squarely presented to the state court, but the state court's decision makes no mention of the issue.  *Canaan v. McBride*, 395 F.3d 376, 382-83 (7th Cir. 2005).  In this case, the court of appeals specifically addressed petitioner's due process argument.  *See Anderson*, 2022 WI App 1 at ¶¶ 45-48.  Because his claim was adjudicated on the merits, the petition is governed by the even more deferential standard found in § 2254(d).

prisoner seeking habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). In other words, a state court's decision unreasonably applies Supreme Court precedent if it "blunder[s] so badly that every fair-minded jurist would disagree." *Mays v. Hines*, 592 U.S. 385, 392 (2021) (per curiam). Similarly, an "unreasonable application" of clearly established law only occurs "if the state court correctly identifies the governing legal principle … but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Here, the petitioner frames his racial discrimination argument as a violation of his due process rights, rather than an equal protection violation. As the Supreme Court recognized in *Bolling v. Sharp*, "the concepts of equal protection and due process, both stemming from our American ideal of fairness, are not mutually exclusive." 347 U.S. 497, 499 (1954). "[D]iscrimination may be so unjustifiable as to be violative of due process." *Id*. Consistent with this precedent, courts in Wisconsin similarly frame the issue as a violation of the defendant's due process rights. *See State v. Harris*, 2010 WI 79, ¶ 33, 326, Wis. 2d 685, 786 N.W.2d 409.[4]

---

[4] While the Equal Protection Clause may also apply to a claim of racially discriminatory sentencing, *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987), petitioner did not raise that theory in state court. Therefore, it has not been preserved for challenge in federal court, *Sotelo v. Indiana State Prison*, 850 F.2d 1244, 1252 (7th Cir. 1988) (citation omitted), although the court sees no basis to suggest the outcome of his petition would have been different under that clause of the Constitution. *See McClesky*, 481 U.S. at 292-93.

To begin, "the sentencing process . . . must satisfy the requirements of the Due Process Clause." *Gardner v. Florida*, 430 U.S. 349, 358 (1977). Although the Supreme Court has not set forth specific rules for evaluating due process claims in the sentencing context, it has commented that sentencing cannot be based on "factors that are constitutionally impermissible or totally irrelevant to the sentencing process, such as for example the race, religion, or political affiliation of the defendant." *Zant v. Stephens*, 462 U.S. 862, 885 (1983). In the absence of a more specific holding, habeas relief is unavailable unless petitioner demonstrates that the circuit court's statements violated the "general prohibition on 'factors that are constitutionally impermissible,'" *Deyton v. Keller*, 682 F.3d 340, 345 (4th Cir. 2012), or that the Wisconsin Court of Appeals' decision was so unreasonable that no fair-minded jurist could agree. *Richter*, 562 U.S. at 103.

The Wisconsin Court of Appeals recognized that relying on race in imposing a sentence is an erroneous exercise of discretion by the sentencing court. *Anderson*, 2022 WI App 1 at ¶ 45 (citing *Harris*, 2010 WI 79, ¶ 33). However, the Court of Appeals found that the circuit court's reference to race was an isolated remark within a broader discussion about violent crime, which sadly has disproportionately victimized the black community. *Id*. at ¶ 46. Moreover, that court recognized that the circuit court judge applied proper sentencing factors, including petitioner's extensive criminal history, his escalation to homicide, and the need to protect the community. *Id*. at ¶ 47. The court also noted the sentencing judge's specific emphasis on the underlying offense being "one [of] the most aggravated, heinous, senseless homicides" he had seen. *Id*. As a result, the Court of Appeals

held that petitioner had failed to meet his burden of showing that the circuit court actually relied on race or any other improper factor at sentencing.  *Id.* at ¶¶ 45-46.

More specifically for purposes of federal review, petitioner has failed to point to the Wisconsin Court of Appeals contravening or misapplying clearly established, Supreme Court precedent ruling that race is an impermissible factor on which to base a defendant's sentence.  *Compare Anderson*, 2022 WI App 1 at ¶ 45 ("the law is clear that race is an improper factor to consider at sentencing"), *with Zant*, 462 U.S. at 885 (identifying "factors that are constitutionally impermissible . . . such as for example the race . . . of the defendant").  While Wisconsin law requires a defendant arguing that race was improperly considered to establish by "clear and convincing evidence" that the sentencing court relied on race at the time of imposing sentence, that burden does not contradict *Zant*.  *Compare Anderson*, 2022 WI App 1 at ¶ 45, *with United States v. Coe*, 992 F.3d 594, 598 (7th Cir. 2021) (noting the defendant has a burden to establish that the sentencing judge *actually relied* on race to arrive at the sentence imposed, rather than merely pointing to a race-based remark at sentencing).  So, too, here, the petitioner points to nothing more than a statistical race-based remark in the record to support his claim that the sentencing court improperly relied on race at the time of imposing his sentence.  *Cf. Deyton*, 682 F.3d at 347-48 (concluding that a judge "expressing the moral opprobrium of the community at large" for a church robbery did not reflect religiously motivated sentencing in violation of the petitioner's due process rights).

Though petitioner also argues the Wisconsin Court of Appeals erred by not relying on *Zant*, but the mere lack of citation to a relevant Supreme Court precedent does not

constitute contravention of clearly established federal law. *See Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents 'so long as neither the reasoning nor the result of the state-court decision contradicts them'") (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)). Tellingly, petitioner himself points to no Supreme Court precedent other than *Zant* when arguing that the Court of Appeals erred. Because petitioner does not demonstrate that the Wisconsin Court of Appeals' decision was contrary to or an unreasonable application of clearly established law, he is not entitled to federal habeas relief and his petition must be denied.

Finally, a district court is required by Rule 11(a) of the Rules Governing Section 2254 Cases to issue or deny a certificate of appealabilty when entering a ruling adverse to a habeas petitioner. A district court may only issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate something more than good faith or the "absence of frivolity" in their claim. *Miller-El*, 537 U.S. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). As the petitioner has not made a substantial showing that his sentence was based on a constitutionally impermissible factor, no reasonable jurist would disagree with this court's decision. Accordingly, the court will deny a certificate of appealability.

ORDER

IT IS ORDERED that:

1.  The habeas corpus petition filed by Robert M. Anderson, Jr. (dkt. #1) is DENIED and this action is DISMISSED with PREJUDICE.

2.  A certificate of appealability is DENIED.

3.  The clerk of court is directed to enter judgment accordingly and to close this case.

Entered this 27th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11